***E-FILED - 12/15/08***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TROY ANTHONY ROBERTS, | ) | No. C 08-4771 RMW (PR) |
| Plaintiff, | ) ) | ORDER OF PARTIAL DISMISSAL AND OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION |
| vs. | ) ) ) | |
| LT. PAULSON, et al., | ) ) | |
| Defendants. | ) ) | |

Plaintiff, a California prisoner proceeding pro se, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 against numerous officials of San Francisco County Jail. Plaintiff has been granted leave to proceed in forma pauperis in a separate written order. The court will order service of the complaint upon defendants Lieutenant Paulson and Officer Reid based on Plaintiff's cognizable claims against them, and dismiss claims against the remaining unnamed defendants.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss

Order of Partial Dismissal and of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\SJ.Rmw\CR.08\Roberts771srv.wpd            1

1  any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or
2  seek monetary relief from a defendant who is immune from such relief. See id. §
3  1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v.
4  Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).
5        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
6  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
7  the alleged violation was committed by a person acting under the color of state law. See West v.
8  Atkins, 487 U.S. 42, 48 (1988).
9  B.    Plaintiff's Claim
10       Plaintiff alleges that he was woken up by officers at the county jail. He asked to be
11 placed "in the hole" and officers thought plaintiff "was being smart." The officers hand-cuffed
12 him, broke the key off in the cuffs, bent back plaintiff's thumbs as he was screaming and crying
13 in pain. Once in a "Rubber Room," officers kicked him, called him names, and cut off the cuffs.
14 The handcuffs had cut plaintiff's wrists through to the bone. Officer re-cuffed him and placed
15 him "in the hole." Liberally construed, plaintiff has stated a cognizable claim of excessive force
16 and mental anguish. The court will order service of the complaint.
17 C.    Doe Defendants
18       Plaintiff includes unnamed defendants in his complaint. Specifically, plaintiff includes
19 defendant Lieutenant Paulson's "first watch officers" in his claim. The use of Doe defendants is
20 not favored in the Ninth Circuit. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).
21 However, where the identity of alleged defendants cannot be known prior to the filing of a
22 complaint the plaintiff should be given an opportunity through discovery to identify them. Id.
23 Failure to afford the plaintiff such an opportunity is error. See Wakefield v. Thompson, 177
24 F.3d 1160, 1163 (9th Cir. 1999). Accordingly, the claim against these unnamed Doe defendants
25 is dismissed from this action without prejudice. Should plaintiff learn the identity of Doe
26 defendants through discovery, he may move to file an amendment to the complaint to add them
27 as named defendants. See Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir.
28

1  2003).

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Plaintiff's claims against Doe defendants is DISMISSED without prejudice and with leave to amend.

2. The clerk of the court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint, all attachments thereto, and a copy of this order upon: **Lieutenant Paulson** and **Officer Reid** at the **San Francisco County Jail** in **San Francisco, California.**  The clerk shall also mail a courtesy copy of this order and the complaint, with all attachments thereto, to the **California Attorney General's Office**.

3. No later than **ninety (90) days** from the filing date of this order, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above, or, within such time, notify the court that defendants are of the opinion that this case cannot be resolved by such a motion.

   a. If defendants elect to file a motion to dismiss on the grounds that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendant shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

   b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the court prior to the date the summary judgment motion is due.**

4. Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendant no later than **thirty (30) days** from the date defendant's motion is filed.

   a. In the event defendant files an unenumerated motion to dismiss under

1  Rule 12(b), plaintiff is hereby cautioned as follows:[1]

2     The defendants have made a motion to dismiss pursuant to Rule 12(b) of
       the Federal Rules of Civil Procedure, on the ground you have not exhausted your
3      administrative remedies.  The motion will, if granted, result in the dismissal of
       your case.  When a party you are suing makes a motion to dismiss for failure to
4      exhaust, and that motion is properly supported by declarations (or other sworn
       testimony) and/or documents, you may not simply rely on what your complaint
5      says.  Instead, you must set out specific facts in declarations, depositions, answers
       to interrogatories, or documents, that contradict the facts shown in the defendant's
6      declarations and documents and show that you have in fact exhausted your
       claims.  If you do not submit your own evidence in opposition, the motion to
7      dismiss, if appropriate, may be granted and the case dismissed.

8           b.     In the event defendant files a motion for summary judgment, the

9  Ninth Circuit has held that the following notice should be given to plaintiffs:

10    The defendants have made a motion for summary judgment by which
      they seek to have your case dismissed.  A motion for summary judgment under
11    Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

12    Rule 56 tells you what you must do in order to oppose a motion for
      summary judgment.  Generally, summary judgment must be granted when there is
13    no genuine issue of material fact--that is,  if there is no real dispute about any fact
      that would affect the result of your case, the party who asked for summary
14    judgment is entitled to judgment as a matter of law, which will end your case.
      When a party you are suing makes a motion for summary judgment that is
15    properly supported by declarations (or other sworn testimony), you cannot simply
      rely on what your complaint says.  Instead, you must set out specific facts in
16    declarations, depositions, answers to interrogatories, or authenticated documents,
      as provided in Rule 56(e), that contradict the facts shown in the defendants'
17    declarations and documents and show that there is a genuine issue of material fact
      for trial.  If you do not submit your own evidence in opposition, summary
18    judgment, if appropriate, may be entered against you.  If summary judgment is
      granted in favor of defendants, your case will be dismissed and there will be no
19    trial.

20  See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read

21  Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317

22  (1986) (holding party opposing summary judgment must come forward with evidence showing

23  triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that

24  failure to file an opposition to defendant's motion for summary judgment may be deemed to be a

25  consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff

26  ─────────────────────

27  [1]The following notice is adapted from the summary judgment notice to be given to pro se
    prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  See
28  Wyatt v. Terhune, 315 F.3d at 1120 n.14.

Order of Partial Dismissal and of Service; Directing Defendants to File Dispositive Motion or Notice Regarding
Such Motion
P:\PRO-SE\SJ.Rmw\CR.08\Roberts771srv.wpd         4

1  without a trial.  See <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); <u>Brydges</u>
2  <u>v. Lewis</u>, 18 F.3d 651, 653 (9th Cir. 1994).

3      5.    Defendants <u>shall</u> file a reply brief no later than **fifteen (15) days** after plaintiff's
4  opposition is filed.

5      6.    The motion shall be deemed submitted as of the date the reply brief is due.  No
6  hearing will be held on the motion unless the court so orders at a later date.

7      7.    All communications by the plaintiff with the court must be served on defendants,
8  or defendants' counsel once counsel has been designated, by mailing a true copy of the
9  document to defendants or defendants' counsel.

10      8.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
11  No further court order is required before the parties may conduct discovery.

12      9.    It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court
13  and all parties informed of any change of address and must comply with the court's orders in a
14  timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
15  pursuant to Federal Rule of Civil Procedure 41(b).

16      IT IS SO ORDERED.

17  DATED:  __12/12/08_____     _/s/ Ronald M. Whyte_____
                                  RONALD M. WHYTE
18                                United States District Judge