***E-FILED - 11/10/09***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TROY ANTHONY ROBERTS, | ) | No. C 08-4771 RMW (PR) |
| Plaintiff, | ) ) | ORDER DENYING DEFENDANTS' MOTION TO DISMISS; FURTHER SCHEDULING ORDER |
| vs. | ) ) ) | |
| LT. PAULSON, et al., | ) ) | (Docket No. 21.) |
| Defendants. | ) ) | |

On October 17, 2008, plaintiff, a state prisoner then incarcerated at San Quentin State Prison and proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983 against numerous officials of San Francisco County Jail. On July 27, 2009, defendants moved to dismiss the complaint because plaintiff failed to update his current address. Defendants were unable to engage in discovery, depose plaintiff, and prepare a defense because plaintiff's whereabouts were unknown. On September 8, 2009, the court order plaintiff to update his address or face dismissal for failure to prosecute. On October 8, 2009, plaintiff filed a notice of change of address explaining that he was released on parole, but is now being held at Solano County Detention Facility. Although plaintiff is obligated to keep the court and defendants apprised of his current address, the court concludes that in light of the further scheduling order below, defendants will not be prejudiced by this delay.

Accordingly, the court DENIES defendants' motion to dismiss. The court issues the


following scheduling order:

1. No later than **ninety (90) days** from the filing date of this order, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above, or, within such time, notify the court that defendants are of the opinion that this case cannot be resolved by such a motion.

    a. If defendants elect to file a motion to dismiss on the grounds that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendant <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

    b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **<u>Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the court prior to the date the summary judgment motion is due.</u>**

2. Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendant no later than **thirty (30) days** from the date defendant's motion is filed.

    a. In the event defendant files an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). <u>See</u> <u>Wyatt v. Terhune</u>, 315 F.3d at 1120 n.14.

1         b.     In the event defendant files a motion for summary judgment, the
2 Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendant's motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

      3.     Defendants shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

      4.     The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

      5.     All communications by the plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

      6.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

Order Denying Defendants' Motion to Dismiss; Further Scheduling Order
P:\PRO-SE\SJ.Rmw\CR.08\Roberts771address2.wpd   3

1 | No further court order is required before the parties may conduct discovery.

2 |     7.    It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court
3 | and all parties informed of any change of address and must comply with the court's orders in a
4 | timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
5 | pursuant to Federal Rule of Civil Procedure 41(b).

6 |     IT IS SO ORDERED.
7 | DATED: __11/6/09__      /s/ Ronald M. Whyte
8 |     RONALD M. WHYTE
    United States District Judge