***E-FILED - 12/9/09***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY ANTHONY ROBERTS, ) | No. C 08-4771 RMW (PR) |
| ) | |
| Plaintiff, ) | ORDER DENYING MOTION FOR |
| ) | COURT TO ORDER DISCOVERY |
| vs. ) | |
| ) | (Docket Nos. 29, 31) |
| LT. PAULSON, et al., ) | |
| ) | |
| Defendants. ) | |

Plaintiff, a California prisoner proceeding pro se, filed the instant civil rights action pursuant to 42 U.S.C. § 1983. Pending before this court are plaintiff's motion for the court to order discovery, and plaintiff's "renewed motion for default judgment."

A.   Motion for the court to order discovery

Plaintiff has filed a motion attempting to order the discovery of all medical records, all audio and video, and "material evidence." The motion is DENIED.

Federal courts do not conduct discovery for the parties. The discovery model used in federal courts requires the parties to conduct their own discovery without court assistance unless there is a dispute between the parties that they cannot resolve without court intervention. Only when such a dispute arises does the court step into the discovery process. The court may compel a party or nonparty to comply with a discovery request, but such an order presupposes the existence of a valid discovery request. Here, plaintiff has not shown that he has made valid

Order Denying Motion for Court to Order Discovery
P:\PRO-SE\SJ.Rmw\CR.08\Roberts771misc.wpd

1  discovery requests for which he has not received responses.

2  Further, the court cannot compel nonparties to provide plaintiff with information but can
3  order them to produce documents if properly requested. Plaintiff may compel a person who is
4  not a party to this action to produce documents for inspection and copying pursuant to a
5  subpoena duces tecum. See Fed. R. Civ. P. 34(c), 45(a). In order to do so, plaintiff must fill out
6  subpoena forms and ensure that each person is served with the subpoena by a non-party.
7  Plaintiff must tender to each person "the fees for one day's attendance and the mileage allowed
8  by law." Fed R. Civ. P. 45(b)(1). The current requisite fee for each person is forty dollars per
9  day, see 28 U.S.C. § 1821(b), and cannot be waived for a plaintiff proceeding in forma pauperis.
10 See Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993). These requirements do not apply to a
11 request for production of documents from one party on any other party. See Fed. R. Civ. P.
12 34(a).

13 The court will consider ordering the United States Marshal to serve a subpoena duces
14 tecum on a non-party if plaintiff submits to the court a completed subpoena form and the
15 requisite fee. The form must describe the items to be produced with reasonable particularity and
16 designate a reasonable time, place and manner for their production. See Fed. R. Civ. P. 34(b).

17 B.   Renewed Motion for Default Judgment

18 Plaintiff filed a "Renewed Motion for Default Judgment," which the court liberally
19 construes as an opposition to defendants' motion to dismiss, filed on July 27, 2009. On
20 November 10, 2009, the court denied defendants' motion and issued a further scheduling order.
21 Accordingly, plaintiff's opposition is moot.

22 **CONCLUSION**

23 Plaintiff's motion for court to order discovery is DENIED. This order terminates docket
24 numbers 29 and 31.

25   IT IS SO ORDERED.

26 DATED:  12/8/09

*Ronald M. Whyte*

27   RONALD M. WHYTE
   United States District Judge

28

Order Denying Motion for Court to Order Discovery
P:\PRO-SE\SJ.Rmw\CR.08\Roberts771misc.wpd    2