*E-FILED - 2/9/10*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY ANTHONY ROBERTS,<br><br>         Plaintiff,<br><br>  vs.<br><br>LT. PAULSON, et al.,<br><br>         Defendants. | No. C 08-4771 RMW (PR)<br><br>ORDER GRANTING MOTION TO AMEND COMPLAINT; DENYING MOTION TO ORDER DISCOVERY; DENYING MOTION FOR EXPERT WITNESS; FURTHER SCHEDULING<br><br>(Docket Nos. 35, 38, 39) |

Plaintiff, a California prisoner proceeding pro se, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 against numerous officials of San Francisco County Jail. For the reasons stated below, the court will grant plaintiff's motion to amend the complaint, deny his motion to order discovery, deny his motion for an expert witness, and issue a further scheduling order.

**DISCUSSION**

A.   Motion to Amend

A plaintiff may amend his complaint once as a matter of course at any time before a responsive pleading is served. See Fed. R. Civ. P. 15(a). Federal Rule of Civil Procedure 15(a) is to be applied liberally in favor of amendments and, in general, leave shall be freely given when justice so requires. See Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994).

1  Leave need not be granted, however, where the amendment of the complaint would cause the
2  opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or
3  creates undue delay. See id. An amended complaint filed as a matter of course or after leave of
4  court supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the
5  original complaint which are not alleged in the amended complaint." London v. Coopers &
6  Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are
7  no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992).
8       Here, no responsive pleading has been filed and no new defendants are named.
9  Accordingly, the court GRANTS plaintiff's motion to amend the complaint. The amended
10 complaint, incorporated in plaintiff's motion is the operative complaint.
11      Plaintiff alleges that he was woken up by officers at the county jail. He asked to be
12 placed "in the hole" and officers thought plaintiff "was being smart." The officers hand-cuffed
13 him, broke the key off in the cuffs, bent back plaintiff's thumbs as he was screaming and crying
14 in pain. Once in a "Rubber Room," officers kicked him, called him names, and cut off the cuffs.
15 The handcuffs had cut plaintiff's wrists through to the bone. Officer re-cuffed him and placed
16 him "in the hole." Liberally construed, plaintiff has stated a cognizable claim of excessive force,
17 mental anguish, and state tort claims.
18 B.    Doe Defendants
19      Plaintiff again includes unnamed defendants in his amended complaint. Accordingly, the
20 claim against these unnamed Doe defendants is dismissed from this action without prejudice.
21 Should plaintiff learn the identity of Doe defendants through discovery, he may move to file an
22 amendment to the amended complaint to add them as named defendants. See Brass v. County of
23 Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003).
24 C.    Motion to Order Discovery
25      Plaintiff again requests the court to order the San Francisco Court Jails to produce
26 evidence. However, the court already explained to plaintiff that the court does not conduct
27 discovery for the parties. Accordingly, for the reasons stated in its December 9, 2009 order,
28

Order Granting Motion to Amend Complaint; Denying Motion to Order Discovery; Denying Motion for Expert
Witness; Further Scheduling
P:\PRO-SE\SJ.Rmw\CR.08\Roberts771srv2.wpd    2

1  plaintiff's motion to order discovery is DENIED.

2  D.       Motion for Expert Witness/Investigator

3        Plaintiff requests the court appoint an expert witness or investigator to assist him in
4  investigating his case. Plaintiff is not entitled to appointment of either an expert witness or an
5  investigator at this time. Accordingly, plaintiff's motion is DENIED.

## CONCLUSION

7        For the reasons stated above, the Court orders as follows:

8        1.       Plaintiff's claims against Doe defendants is DISMISSED without prejudice and
9  with leave to amend.

10       2.       Plaintiff's motion to amend the complaint is GRANTED.

11       3.       Plaintiff's motion to order discovery is DENIED. Plaintiff's motion for an expert
12 witness is DENIED.

13       2.       The United States Marshal shall serve, without prepayment of fees, a copy of the
14 amended complaint (docket no. 35), all attachments thereto, and a copy of this order upon:
15 **Lieutenant Paulson** and **Officer Reid** at the **San Francisco County Jail** in **San Francisco,**
16 **California.** The clerk shall also mail a courtesy copy of this order and the amended complaint,
17 with all attachments thereto, to the **California Attorney General's Office**.

18       3.        The court's scheduling order issued on 11/10/09 is VACATED. No later than
19 **ninety (90) days** from the filing date of this order, defendants shall file a motion for summary
20 judgment or other dispositive motion with respect to the claims in the complaint found to be
21 cognizable above, or, within such time, notify the court that defendants are of the opinion that
22 this case cannot be resolved by such a motion.

23              a.       If defendants elect to file a motion to dismiss on the grounds that plaintiff
24 failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),
25 defendant shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315
26 F.3d 1108, 1119-20 (9th Cir. 2003).

27              b.       Any motion for summary judgment shall be supported by adequate factual

28

1 documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil

2 Procedure. **<u>Defendants are advised that summary judgment cannot be granted, nor</u>**

3 **<u>qualified immunity found, if material facts are in dispute. If any defendant is of the</u>**

4 **<u>opinion that this case cannot be resolved by summary judgment, he shall so inform the</u>**

5 **<u>court prior to the date the summary judgment motion is due.</u>**

6       4. Plaintiff's opposition to the dispositive motion shall be filed with the court and

7 served on defendant no later than **thirty (30) days** from the date defendant's motion is filed.

8       a. In the event defendant files an unenumerated motion to dismiss under

9 Rule 12(b), plaintiff is hereby cautioned as follows:[1]

10     The defendants have made a motion to dismiss pursuant to Rule 12(b) of
the Federal Rules of Civil Procedure, on the ground you have not exhausted your
11     administrative remedies. The motion will, if granted, result in the dismissal of
your case. When a party you are suing makes a motion to dismiss for failure to
12     exhaust, and that motion is properly supported by declarations (or other sworn
testimony) and/or documents, you may not simply rely on what your complaint
13     says. Instead, you must set out specific facts in declarations, depositions, answers
to interrogatories, or documents, that contradict the facts shown in the defendant's
14     declarations and documents and show that you have in fact exhausted your
claims. If you do not submit your own evidence in opposition, the motion to
15     dismiss, if appropriate, may be granted and the case dismissed.

16       b. In the event defendant files a motion for summary judgment, the

17 Ninth Circuit has held that the following notice should be given to plaintiffs:

18     The defendants have made a motion for summary judgment by which
they seek to have your case dismissed. A motion for summary judgment under
19     Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

20     Rule 56 tells you what you must do in order to oppose a motion for
summary judgment. Generally, summary judgment must be granted when there is
21     no genuine issue of material fact--that is, if there is no real dispute about any fact
that would affect the result of your case, the party who asked for summary
22     judgment is entitled to judgment as a matter of law, which will end your case.
When a party you are suing makes a motion for summary judgment that is
23     properly supported by declarations (or other sworn testimony), you cannot simply
rely on what your complaint says. Instead, you must set out specific facts in
24     declarations, depositions, answers to interrogatories, or authenticated documents,
as provided in Rule 56(e), that contradict the facts shown in the defendants'
25     declarations and documents and show that there is a genuine issue of material fact

26 ──────────────

27   [1]The following notice is adapted from the summary judgment notice to be given to pro se
prisoners as set forth in <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). <u>See</u>
28 <u>Wyatt v. Terhune</u>, 315 F.3d at 1120 n.14.

Order Granting Motion to Amend Complaint; Denying Motion to Order Discovery; Denying Motion for Expert
Witness; Further Scheduling
P:\PRO-SE\SJ.Rmw\CR.08\Roberts771srv2.wpd     4

for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendant's motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

     5.    Defendants shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

     6.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

     7.    All communications by the plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

     8.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

     9.    It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: __2/8/10_____

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge