*E-FILED - 6/29/10*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY ANTHONY ROBERTS,<br><br>    Plaintiff,<br><br>  vs.<br><br>LT. PAULSON, et al.,<br><br>    Defendants. | No. C 08-4771 RMW (PR)<br><br>ORDER ADDRESSING PENDING MOTIONS<br><br>(Docket Nos. 42, 50, 54) |

    Plaintiff, a California prisoner proceeding pro se, filed the instant civil rights action pursuant to 42 U.S.C. § 1983. Pending before this court are plaintiff's motion to compel discovery, motion for case management order, and motion for the issuance of subpoenas.

A.    <u>Motion to compel discovery</u>

    On December 16, 2009, plaintiff served discovery requests on defendants. When, by January 22, 2010, defendants had not responded to plaintiff's discovery requests, plaintiff filed the instant motion to compel. Plaintiff may file a motion to compel discovery, however, only after he satisfies the "meet and confer" requirements of the discovery rules. See Fed. R. Civ. P. 37(a)(2)(A) (providing motion to compel must include certification that movant has in good faith conferred or attempted to confer with non-disclosing party in effort to secure disclosure without court action); N.D. Cal. Civ. R. 37-1 (same). Because plaintiff is detained, however, he is not required to meet and confer with defendants in person. Rather, if his discovery requests are

1  denied and he intends to seek a motion to compel he must send a letter to defendants to that
2  effect, offering them one last opportunity to provide him with the sought-after information.
3  Unless and until plaintiff files the requisite certification demonstrating that he has conferred with
4  defendants making known his intention to file a motion to compel, the court will not interfere
5  with discovery matters.  However, defendants are encouraged to respond to plaintiff's discovery
6  requests, if appropriate, in a thorough and timely manner.  At this time, the motion to compel
7  will be DENIED without prejudice as premature.  In light of plaintiff's incarcerated statuts,
8  plaintiff's motion for a case management order is also DENIED.
9  B.     Motion for subpoenas
10      On February 18, 2010, plaintiff filed a motion for issuance of subpoenas.  Plaintiff asks
11 that the court send him a signed subpoena under Federal Rule of Civil Procedure 45.  Plaintiff is
12 reminded that the court cannot compel nonparties to provide plaintiff with information but can
13 order them to produce documents if properly requested.  Plaintiff may compel a person who is
14 not a party to this action to produce documents for inspection and copying pursuant to a
15 subpoena duces tecum.  See Fed. R. Civ. P. 34(c), 45(a).  In order to do so, plaintiff must fill out
16 subpoena forms and ensure that each person is served with the subpoena by a non-party.
17 Plaintiff must tender to each person "the fees for one day's attendance and the mileage allowed
18 by law."  Fed R. Civ. P. 45(b)(1).  The current requisite fee for each person is forty dollars per
19 day, see 28 U.S.C. § 1821(b), and cannot be waived for a plaintiff proceeding in forma pauperis.
20 See Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993).  These requirements do not apply to a
21 request for production of documents from one party on any other party.  See Fed. R. Civ. P.
22 34(a).
23      As the court mentioned in its December 9, 2009 order, the court will consider ordering
24 the United States Marshal to serve a subpoena duces tecum on a non-party if plaintiff submits to
25 the court a completed subpoena form and the requisite fee.  The form must describe the items to
26 be produced with reasonable particularity and designate a reasonable time, place and manner for
27 their production.  See Fed. R. Civ. P. 34(b).  **The clerk is instructed to send plaintiff a blank**
28 **subpoena form along with this order.**

**CONCLUSION**

Plaintiff's motion for the court to compel discovery is DENIED.  Plaintiff's motion for a case management order is DENIED.  Plaintiff's motion for subpoenas is GRANTED; the clerk shall send plaintiff a blank subpoena form.

This order terminates docket numbers 42, 50, and 54.

IT IS SO ORDERED.

DATED: 6/29/10

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge